USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/21/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MURTY ROMPALLI,

                Plaintiff,

    -against-

ALEKSANDRA PORTNOVA, ROSS GARON,
ZHIHONG HUANG, TYKHE CAPITAL LLC,
and RAVISHANKAR SUBRAMANYA,

                Defendants.
------------------------------------------------------------X

09 Civ. 3083 (RMB) (FM)

**ORDER**

### I. Background

On May 5, 2010, United States Magistrate Judge Frank Maas, to whom this matter had been referred, issued a thorough Report and Recommendation ("Report") determining that: (1) a motion to compel arbitration ("Motion") filed by Ross Garon, Aleksandra Portnova, Zhihong Huang, and Ravishankar Subramanya (collectively, the "Individual Defendants") and Tykhe Capital LLC ("Tykhe," and together with the Individual Defendants, "Defendants") on December 17, 2009 should be granted with respect to all of Plaintiff Murty Rompalli's ("Plaintiff" or "Rompalli") claims against Tykhe; (2) there is no jurisdiction with respect to Plaintiff's claim under the Occupational Safety and Health Act ("OSHA") because "OSHA does not provide a private right of action"; (3) Rompalli's remaining claims against the Individual Defendants should be stayed pending the completion of arbitration; and (4) Defendants' request "to have Rompalli deemed a vexatious litigant . . . should be denied." (Report and Recommendation, dated May 5, 2010 ("Report"), at 14, 15, 17–18.)

The Report advised that the "parties shall have ten days from the service of this Report . . . to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure." (Report at 18.)

On May 17, 2010, Plaintiff filed objections to the Report ("Objections") arguing, among other things, that Tykhe waived its right to arbitrate because it "did not ask this [C]ourt for arbitration during the first settlement meeting or the first court appearance." (Objections at 10.) In his Objections, Plaintiff also requests "a writ to compel [the United States] Secretary of Labor to address [an] OSHA complaint letter" submitted by Plaintiff. (Objections at 12.)

**For the reasons that follow, the Report is adopted in its entirety.**

## II. Standard of Review

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989). "The District Court is required to make a de novo determination of those portions of the report . . . to which objection is made" and "[w]here no timely objection has been made, a district court need only satisfy itself there is no clear error on the face of the record." Tolliver v. Ercole, No. 08 Civ. 4023, 2010 U.S. Dist. LEXIS 29683, at *1 (S.D.N.Y. Mar. 29, 2010) (internal quotations omitted).

The Court "construes a pro se litigant's submissions liberally so that they raise the strongest possible arguments that they suggest." Guerrero v. White-Evans, No. 06 Civ. 5368, 2010 U.S. Dist. LEXIS 31177, at *4 (S.D.N.Y. Mar. 30, 2010).

## III. Analysis

The facts and procedural history set forth in the Report are incorporated herein by reference. Having conducted a de novo review of the Report, the Objections, the record and the

applicable legal authorities, the Court concludes that the Report is supported by the record and the law in all respects. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Plaintiff's Objections do not provide the basis for departing from the Report's conclusions and recommendations.[1]

### (1) Claims against Tykhe

Judge Maas properly determined that Plaintiff "cannot dodge arbitration of his claims [against Tykhe] on the theory that either the entire [employment] [a]greement or the arbitration clause is unenforceable" because of alleged unconscionability or fraudulent inducement. (Report at 11); see Ragone v. Atl. Video, 595 F.3d 115, 122 (2d Cir. 2010); B.D. Cooke & Partners Ltd. v. Certain Underwriters at Lloyd's, 606 F. Supp. 2d 420, 424 (S.D.N.Y. 2009).

Judge Maas also properly determined that all of Plaintiff's claims against Tykhe "fall within the scope of his agreement to arbitrate." (Report at 8–14); see Shearson/Am. Express, Inc. v. McMahon, 482 U.S. 220, 226–27 (1987); Gold v. Deutsche Aktiengesellschaft, 365 F.3d 144, 148 (2d Cir. 2004); Arrigo v. Blue Fish Commodities, Inc., No. 09 Civ. 7518, 2010 U.S. Dist. LEXIS 9547, at *12 (S.D.N.Y. Feb. 4, 2010); see also Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 654 (2d Cir. 2004).

And, Plaintiff's claim that Tykhe waived its right to arbitrate is unpersuasive. See Thyssen, Inc. v. Calypso Shipping Corp., S.A., 310 F.3d 102, 104–06 (2d Cir. 2002). By letter to the Court, dated April 13, 2009, Tykhe sought to compel arbitration less than a month after Plaintiff initiated this action. (See Ltr. from Peter L. Altieri, Esq. to Hon. Richard M. Berman [#3], dated Apr. 13, 2009, at 1); see also Builders Group LLC v. Qwest Commc'ns Corp., No. 07

---

[1] As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro, 776 F. Supp. at 817. Any Objections not specifically addressed in this Order have been considered de novo and rejected.

Civ. 5464, 2009 U.S. Dist. LEXIS 91194, at *13 (S.D.N.Y. Sept. 29, 2009); Bimota SPA v. Rousseau, 628 F. Supp. 2d 500, 506 (S.D.N.Y. 2009).

### (2) OSHA Claims

Judge Maas properly determined that "OSHA does not provide a private right of action." (Report at 14); see Donovan v. Occupational Safety & Health Review Comm., 713 F.2d 918, 926 (2d Cir. 1983) ("Under OSHA, employees do not have a private right of action.").[2]

### (3) Remaining Claims against the Individual Defendants

Judge Maas properly determined that the claims against the Individual Defendants should be stayed pending the outcome of arbitration because "it would be a waste of resources for this Court to litigate the claims against the Individual Defendants before the arbitration against Tykhe is concluded." (Report at 15); see WorldCrisa Corp. v. Armstrong, 129 F.3d 71, 76 (2d Cir. 1997); Hughes, Hooker & Co. v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, No. 04 Civ. 1859, 2005 U.S. Dist. LEXIS 11381, at *20 (S.D.N.Y. 2005).

### (4) Defendants' Request for Injunctive Relief

Judge Maas properly determined that Defendants' request to have Rompalli deemed a vexatious litigant should be denied because, among other reasons, "[t]his is the first lawsuit Rompalli has filed in either federal or state court." (Report at 15–17); see also Kenney v. Kenney, 494 F. Supp. 2d 252, 256 (S.D.N.Y. 2007) ("At this stage, the Court has no reason to believe that plaintiff . . . would persist in filing yet another lawsuit.").

---

[2] And, the Court need not consider Plaintiff's procedurally improper request, included in his Objections, for injunctive relief compelling the United States Secretary of Labor to address Plaintiff's OSHA complaint letter because "this is not actually an 'objection' to the [Report] itself." Labarbera v. Interstate Payroll Co., No. 07 Civ. 1183, 2009 U.S. Dist. LEXIS 46109, at *3 (E.D.N.Y. May 27, 2009); (see also Objections at 12.)

4

## IV.   Conclusion and Order

For the reasons stated herein and therein, the Report is adopted in its entirety. Defendants' motion to compel arbitration [#23] is granted in part and denied in part. The Clerk is respectfully requested to move this case to the Court's suspense calendar.

Dated: New York, New York
       May 21, 2010

                                                    _____
                                                         RMB
                                                    RICHARD M. BERMAN, U.S.D.J.